**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DAVID EARL WATTLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  21-2899 (UNA) |
| | ) | |
| | ) | |
| MICHAEL CARVAJAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant the application and dismiss the complaint.

Plaintiff is an insanity acquittee currently housed at the Federal Medical Center in Rochester, Minnesota.  *See United States v. Wattleton*, 296 F.3d 1184, 1187-92 (11th Cir. 2002) (recounting trial and jury verdict "of not guilty only by reason of insanity on all four counts of the indictment").  He has sued the Bureau of Prisons Director under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), "arguing that the court's order of collection under 28 U.S.C. § 1915(b)(2), requiring the BOP to collect 20% of his income simultaneously is unconstitutional."  Compl. at 1.  The Complaint is premised on the Prison Litigation Reform Act's requirement that a prisoner "seeking to bring a civil action" must pay the filing fee in full or through an installment plan set out in the Act ("PLRA").  28 U.S.C. § 1915(a)(2), (b)(1).

In *Bivens*, the Supreme Court created an implied cause of action against federal officials who violate certain constitutional rights.  The federal official may be held personally liable only

for unconstitutional conduct in which he was personally and directly involved. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). Plaintiff has not alleged, nor can it be reasonably inferred, that the BOP Director in Washington, D.C. is personally involved in executing the challenged order. Regardless, the Complaint is fundamentally defective.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "The defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Contrary to Plaintiff's implication, no "order of collection" has been entered in this case, nor should one be anticipated. The PLRA defines "the term 'prisoner' [as] any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff does not fit within any of those categories to trigger such an order. *See Guerrero v. So*, 2020 WL 6449194, at *2 (S.D. Cal. Nov. 3, 2020) ("This Court and others have found that 28 U.S.C. § 1915(h)'s definition of 'prisoner' does not apply to plaintiffs who have been committed to a state hospital

after being adjudicated not guilty by reason of insanity[.]") (citing cases)).  Therefore, this case

will be dismissed.[1]  A separate order accompanies this Memorandum Opinion.


_____/s/_____<br>COLLEEN KOLLAR-KOTELLY

Date: November 17, 2021                    United States District Judge

---

[1]    Even if a "collection" order were to be issued, Plaintiff would have no viable claim in this circuit.  He requests adoption of the "per prisoner" approach of the Second Circuit Court of Appeals, which "cap[s] the monthly exaction of fees at twenty percent" of monthly income "regardless of the number of cases for which [the prisoner] owes filing fees." *Pinson v. Samuels*, 761 F.3d 1, 7 (D.C. Cir. 2014), *aff'd sub nom. Bruce v. Samuels*, 577 U.S. 82 (2016); *see* Compl. at 1.  But the D.C. Circuit has flatly rejected that approach, "conclud[ing] that the per-case approach adopted by the Fifth, Seventh, Eighth, and Tenth Circuits is the better understanding of the statute[.]"  *Pinson*, 761 F.3d at 8.